**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES SECURITIES**
**AND EXCHANGE COMMISSION,**

                         **Plaintiff,**

                **v.**

**CARDINAL HEALTH, INC.,**

                       **Defendant.**

**No. 07-CV-6709-DAB**

**ECF CASE**

## MOTION TO APPOINT A TAX ADMINISTRATOR

Plaintiff, United States Securities and Exchange Commission ("Commission") respectfully moves this Court for an Order appointing Damasco & Associates, a certified public accounting firm located in Half Moon Bay, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, and the payment of taxes, for all funds deposited into the Court Registry Investment System ("CRIS") account in this case.  In support of this motion, the Commission states as follows:

On August 2, 2007, the Court entered a final judgment ("Final Judgment") against defendant Cardinal Health, Inc. ("Cardinal").  *See* Docket Entry No. 2.  The Final Judgment required, among other things, defendant Cardinal to pay a civil money penalty in the amount of $35,000,000, and one dollar in disgorgement and prejudgment interest.  *See* Final Judgment, Section V.  Cardinal's payment of these funds, which amounted to $35,198,109.31 inclusive of accrued interest, was deposited with the Clerk of the Court on August 8, 2007, and subsequently was placed into a CRIS account on August 15, 2007.[1]

---

[1] Section V of the Final Judgment provides that Cardinal relinquished all legal right, title and interest in the funds it paid to the Clerk of the Court.

Section V of the Final Judgment provides, in pertinent part, that the "Commission may by motion propose a plan to distribute the [funds deposited in the CRIS account], subject to the Court's approval." The funds deposited into the CRIS account ("Distribution Fund") are treated for federal tax purposes as a Qualified Settlement Fund ("QSF") under section 468B(g) of the Internal Revenue Code ("IRC"), 26 U.S.C. § 468B(g), and the related IRC regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

The Court should appoint and authorize a Tax Administrator to take any necessary steps on behalf of the Distribution Fund, including making elections and filing statements required to obtain and maintain the Distribution Fund's QSF status, and to ensure that the Distribution Fund files returns and pays taxes consistent with its treatment under the IRC as a QSF. The Distribution Fund would pay the reasonable costs, fees, and other expenses incurred by the Tax Administrator in the performance of its duties in accordance with the agreement between the Commission and Damasco & Associates. Briefly summarized, this agreement provides for compensation for the Tax Administrator's services and expenses as follows:

| SERVICE | FIXED FEE |
|---|---|
| Income tax returns, including items 1-6 (below). | $1675 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less or are open and closed within the same year. | $850 |
| Loss Carryback (claim for refund) returns. | $550 |

Fixed fee tax compliance services under this agreement include:[2]

---

[2] These fixed fees include all copying and routine postage expenses, as well as any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges. Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and reports. Additional tax compliance services and services for administration of the QSF

1.  Obtaining a federal tax identification number for the Distribution Fund as a QSF.

2.  Preparing and filing federal and state income tax returns, as required.

3.  Where required, calculating quarterly estimated tax payments and providing

information to the Court so that such payments may be made in a timely fashion.

4.  Making arrangements with the Commission or its agents to pay tax liabilities.

5.  Calculating and recommending retention of a reserve, if necessary, for penalties and

interest to be assessed due to any late filing of tax returns or late payment of taxes.

6.  Determination of and compliance with tax reporting obligations of the Distribution

Fund as a QSF relating to distributions or payments to vendors, if applicable.


Counsel for defendant Cardinal has informed the Commission that Cardinal does not

oppose this Motion to Appoint a Tax Administrator.

**WHEREFORE**, for the foregoing reasons, the Commission respectfully requests that

this Court enter an Order appointing Damasco & Associates as Tax Administrator for the

Distribution Fund.

Dated:  August 16, 2007.

Respectfully submitted,

s/Arthur S. Lowry
Arthur S. Lowry
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-4030
Telephone:  (202) 551-4918
Fax: (202) 772-9245
Email: lowrya@sec.gov
Attorney for Plaintiff U.S. SEC

---

would be provided at the Commission's request and billed at Damasco & Associate's current rates discounted by 20%.